IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Terry Mikell Smalley, #336447, ) | C/A No. 5:14-1270-DCN-KDW |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | REPORT AND RECOMMENDATION |
| ) | |
| LaVern Cohen, Warden, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Terry Mikell Smalley ("Petitioner") is a state prisoner who filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, for a Report and Recommendation on Respondent's Return and Motion for Summary Judgment. ECF Nos. 24, 25. On August 4, 2014, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the Summary Judgment Motion, dismissal procedures, and the possible consequences if he failed to respond adequately to Respondent's Motion. ECF No. 26. After receiving two continuances, on December 9, 2014, Petitioner filed a Response in Opposition to Respondent's Motion for Summary Judgment. ECF No. 39. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 25, be granted.

I.     Background

Petitioner is currently incarcerated in the Ridgeland Correctional Institution ("RCI") of the South Carolina Department of Corrections ("SCDC"). ECF No. 1 at 1. In 2009, Petitioner

was indicted at the January term of the Aiken County Grand Jury for two counts of lewd act upon a child (2009-GS-02-67, 2009-GS-02-72). App. 17-22.[1] On August 10, 2009, Petitioner pleaded guilty to both charges before the Honorable J. Michael Baxley. App. 1-17. During his plea, Justin Mims, Esquire, represented Petitioner, and Rochelle Oldfield appeared on behalf of the State. *Id.* Judge Baxley sentenced Petitioner to fifteen years for the first count and one year for the second count to be served consecutively. App. 15. Petitioner did not file a Notice of Appeal.

II.     Procedural History

On March 17, 2010, Petitioner filed an application for Post-Conviction Relief ("PCR"), alleging the following claims:

(a) Ineffective Assistance of Trial/Plea [and maintaining that counsel] did not inform full consequence of [his] plea;
(b) Trial/Plea Counsel Failure to file Notice of Appeal-Rule 203 [and maintaining that counsel] did not inform [him] of [his] right to appeal within (10) days.

App. 25. The State filed a Return to Petitioner's Application on July 21, 2010. App. 30-33. Thereafter a motions hearing convened on January 13, 2011, before the Honorable Doyet A. Early. App. 34-52. Petitioner was present and represented by Attorney Charles C. Mayers, and Assistant Attorney General Mary S. Williams appeared on behalf of the State. *See id.* After the hearing, the PCR court denied and dismissed Petitioner's PCR Application with prejudice on March 24, 2011, making the following findings of fact and conclusions of law:

---

[1] Citations to "App." refer to the Appendix for Petitioner's guilty plea transcript and Post-Conviction Relief ("PCR") Proceedings. That appendix is available at ECF No. 24-7 in this habeas matter.

2

This Court has had the opportunity to review the record in its entirety and has heard the testimony at the post-conviction relief hearing. This Court has further had the opportunity to observe the witnesses presented at the hearing, closely pass upon their credibility and weigh their testimony accordingly. Set forth below are the relevant findings of fact and conclusions of law as required pursuant to S.C. Code Ann. § 17-27-80.

Ineffective Assistance of Counsel/Involuntary Guilty Plea

The Applicant alleges he received ineffective assistance of counsel. In a PCR action, "[t]he burden of proof is on the applicant to prove his allegations by a preponderance of the evidence." Frasier v. State, 351 S.C. 385, 389, 570 S.E.2d 172, 174 (2002) (citing Rule 71.1(e), SCRCP). Where ineffective assistance of counsel is alleged as a ground for relief, the Applicant must prove that counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 692 (1984); Butler v. State, 286 S.C. 441, 334 S.E.2d 813 (1985).

The proper measure of performance is whether the attorney provided representation within the range of competence required in criminal cases. Courts presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment Butler, Id. The Applicant must overcome this presumption to receive relief. Cherry v. State, 300 S.C. 115, 386 S.E.2d 624 (1989).

First, the Applicant must prove that counsel's performance was deficient. Under this prong, attorney performance is measured by its "reasonableness under professional norms." Cherry, 300 S.C. at 117, 385 S.E.2d at 625 (citing Strickland, supra). Second, counsel's deficient performance must have prejudiced the Applicant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Cherry, 300 S.C. at 117-18, 386 S.E.2d at 625. "A reasonable probability is a probability sufficient to undermine confidence in the outcome of trial." Johnson v. State, 325 S.C. 182, 186, 480 S.E.2d 733, 735 (1997) (citing Strickland). With respect to guilty plea counsel, the Applicant must show that there is a reasonable probability that, but for counsel's alleged errors, he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed. 2d 203 (1985).

To find a guilty plea is voluntarily and knowingly entered into, the record must establish the applicant had a full understanding of the consequences of his plea and the charges against him. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709 (1969); Dover v. Slate, 304 S.C. 433, 405 S.E.2d 391 (1991). In determining

guilty plea issues, it is proper to consider the guilty plea transcript as well as evidence at the PCR hearing. Harris v. Leeke, 282 S.C. 131, 318 S.E.2d 360 (1984).

An Applicant who enters a plea on the advice of counsel may only attack the voluntary and intelligent character of the plea by showing that trial counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for trial counsel's errors, the defendant would not have pled guilty, but would have insisted on going to trial, Roscoe v. State, 310 S.C. 6, 546 S.E.2d 417 (2001); Richardson v. State, 310 S.C. 360, 426 S.E.2d 795 (1993). Given Applicant's burden of proof and the analysis to be applied to this claim, the Applicant's claim of involuntary plea is, in essence, a claim of ineffective assistance of counsel, and it will be treated as such.

*Involuntary Plea*

Applicant asserts that Counsel did not apprise him of his constitutional right to a jury trial. Counsel testified that he informed Applicant how a trial would proceed. Counsel stated that through this explanation, Applicant's trial rights were touched on. The plea court also provided a thorough explanation of these rights in clear language during the plea colloquy. (Tr. p. 5, line 21 - p. 9, line 21.) Based on Counsel's testimony and the plea transcript, I find that Applicant has failed to establish that his plea was involuntary due to any lack of understanding of his right to a jury trial.

Applicant also stated that he was threatened with a sentence of twenty-five (25) years to life. Counsel explained that Applicant was also charged with three (3) counts of Criminal Sexual Conduct (1st Degree). A sentence of twenty-five (25) years to life is the sentence for Criminal Sexual Conduct (1st Degree). S.C. Code §16-3-655(C)(1). Therefore, Applicant was not "threatened" but rather Applicant was correctly informed of the potential sentence he faced at trial. Counsel has a duty to inform his client of the potential consequences of a trial. Over the course of plea negotiations, Counsel eventually secured the plea offer, which Applicant accepted, wherein the counts of Criminal Sexual Conduct (1st Degree) were *nolle prossed*. Applicant had a clear understanding of the sentence he faced as a result of his plea. (Tr. p. 3, lines 16-19; p. 6, lines 12-23.) Therefore, I find Applicant has failed to demonstrate any error in this regard.

Applicant further claimed that his attorney told him what to say at his plea. Counsel flatly denied telling Applicant how to answer the questions. Based on my observations of the witnesses and a thorough review of the plea transcript, I find Counsel's testimony to be credible and find Applicant's testimony lacking credibility. Therefore, I find that Applicant has failed to carry his burden.

4

*Appeal*

At the hearing, the Applicant alleged that he was denied effective assistance of counsel when trial counsel failed to inform him of his right to appeal his guilty plea and requested a belated appeal pursuant to White v. State, 263 S.C. 110, 208 S.E.2d 35 (1974).

This Court agrees that the allegation that the Applicant was denied a direct appeal is meritorious. Where the post-conviction relief judge determines that the applicant did not freely and voluntarily waive his or her appellate rights, the applicant may petition the South Carolina Supreme Court for review of direct appeal issues pursuant to White v. State, See Rule 243, SCACR; Davis v. State, 288 S.C. 290, 342 S.E.2d 60 (1986).[1]

The Court affirmatively finds that the Applicant did not knowingly and voluntarily waive his right to a direct appeal. The Court concludes that the Applicant is entitled to a belated review of his conviction(s). A petition for belated review pursuant to White v. State can remedy the Applicant's lack of a direct appeal.

Other Allegations

No other allegations were raised at the PCR hearing. Therefore, any additional allegations are deemed waived because no evidence was presented.

CONCLUSION

This Court finds that the grant of a belated direct appeal is proper. This Court further finds and concludes that the Applicant has not established any constitutional violations or deprivations that would require this court to grant his application. Therefore, this application for post conviction relief must be denied and dismissed with prejudice.

This Court advises Applicant that he must file a notice of intent to appeal within thirty (30) days from the receipt of this Order to secure the appropriate appellate review. His attention is also directed to South Carolina Appellate Court Rule 243 for appropriate procedures after notice has been timely filed.

IT IS THEREFORE ORDERED:

---

[1] "Even where the post-conviction relief judge makes this finding, he may not grant relief on this basis. Instead, the applicant must petition this Court for a White v. State review." [Emphasis added]. Davis, 288 S.C. at 291, n. 1, 342 S.E.2d at 60.

5

1. That this current Application for Post-Conviction Relief be DENIED AND DISMISSED with prejudice.
2. That the Applicant is GRANTED A BELATED DIRECT APPEAL pursuant to White v. State, 263 S.C. 110, 108 S.E.2d 35 (1974). Within thirty days of service of this Order, counsel for the Applicant must file a Notice of Appeal to secure the appropriate review of the Applicants' convictions. Counsel and the Applicant are directed to Davis v. State, 288 S.C. 290, 342 S.E.2d 30 (1986) and the South Carolina Appellate Court Rule 243 fir the appropriate procedure for securing belated appellate review.

App. 54-59.

On September 30, 2011, Appellate Defender Katherine H. Hudgins of the South Carolina Commission on Indigent Defense filed a Petition for Writ of Certiorari on Petitioner's behalf. ECF No. 24-1. There, Petitioner presented the following issue:

> Did the PCR judge correctly find that petitioner did not knowingly and intelligently waive his right to direct appeal and correctly grant a belated appeal pursuant to White v. State, 263 S.C. 110, 108 S.E.2d 35 (1974)?

*Id.* at 3. Additionally, Counsel Hudgins filed an *Anders/White* Brief on Petitioner's behalf and asserted the following issue:

> Was the guilty plea rendered involuntary by the fact that the defendant was never evaluated for competency despite the fact that he attended special needs classes and dropped out of school at an early age?

ECF No. 24-2 at 4. The State filed a Return to the Petition on November 7, 2011. ECF No. 24-3. The South Carolina Court of Appeals denied the Petition for Writ of Certiorari on October 21, 2013 because there was no evidence to support the PCR judge's finding that Petitioner did not knowingly and intelligently wait his right to a direct appeal. ECF No. 24-5. Thereafter the court issued the Remittitur on November 6, 2013. ECF No. 24-6.

   III.   Discussion

       A. Federal Habeas Issues

Petitioner raises the following issues in his Federal Petition for a Writ of Habeas Corpus, quoted verbatim:

> GROUND ONE: Ineffective Assistance of Counsel-did not inform the Petitioner of the full consequence of accepting the plea agreement.
> Supporting Facts: During plea agreement, Counsel did not inform the Petitioner of the consequence of accepting a plea. Counsel did not inform the Petitioner that a GPS monitor would be required for a lifetime and also did not explain what the charges were and the penalties it covers.
>
> GROUND TWO: (Counsel only filed on Ground One with an Anders Brief).

ECF No. 1 at 5, 6.

### B. Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts

that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

### C. Habeas Corpus Statute of Limitations

Because Petitioner filed his Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claim is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). The AEDPA provides that "[a] 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Further, the AEDPA provides that the limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D). The statute further provides that "[t]he time during which a properly filed application for State post-conviction or collateral relief with respect to the pertinent judgment or claim that is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

IV.     Discussion

    A. Timeliness of Petitioner's Application

Respondent argues that Petitioner's habeas petition is not timely. ECF No. 24 at 4-6. The undersigned disagrees.

The AEDPA provides that "[a] 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court." 28 U.S.C. § 2244(d)(1). The time limit begins to run at the "conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The United States Supreme Court recently interpreted the two prongs of 28 U.S.C. § 2244(d)(1)(A) as follows:

> The text of § 2244(d)(1)(A), which marks finality as of "the conclusion of direct review or the expiration of the time for seeking such review," consists of two prongs. Each prong—the "conclusion of direct review" and the "expiration of the time for seeking such review"—relates to a distinct category of petitioners. For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the "conclusion of direct review"—when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in this Court, or in state court, expires. We thus agree with the Court of Appeals that because [petitioner] did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired.

*Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012) (clarifying the Court's prior cases concerning 28 U.S.C. § 2244(d)(1)(A)).

Here, it is undisputed that Petitioner did not appeal his conviction and sentence. Accordingly, the AEDPA's one-year statute of limitations began running when his state convictions became final. *See Gonzalez*, 132 S. Ct. at 654 (finding a Petitioner's conviction and sentence become "final" when his "time for seeking review with the State's highest court expire[s]."). Here, Petitioner had ten days to timely file a notice of appeal from his conviction and sentence. *See* Rule 203 (b)(2), SCACR ("After a plea or trial resulting in conviction or a proceeding resulting in revocation of probation, a notice of appeal shall be served on all respondents within ten (10) days after the sentence is imposed."). Therefore, his conviction and sentence became final on August 20, 2009, or ten days after he pleaded guilty and was sentenced. Therefore, pursuant to *Gonzalez*, the statute of limitations began running on August 20, 2009.

Petitioner subsequently filed his PCR application on March 17, 2010 (2010-CP-02-00596). App. 23. Petitioner's PCR proceedings tolled the one-year limitations period. 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). At this point, 209 days had elapsed since Petitioner's conviction became final. The statute of limitations remained tolled until November 6, 2013, when the South Carolina Court of Appeals remitted the matter to the lower court or tribunal. *See* ECF No. 24-6; *Frazier v. Stevens*, No. 4:09-302-JFA-TER, 2010 WL 921613, at * 3 n.6 (D.S.C. Mar. 10, 2010), *as amended* (Mar. 12, 2010) (tolling the period of limitations from the date petitioner filed his first PCR until the date the South Carolina Supreme Court issued the Remittitur); *Gambrell v. Bazzle*, No. 9:07-cv-00172-RBH-GCK, 2008 WL 269505, at *5 (D.S.C.

Jan. 29, 2008) ("When the Supreme Court issued the Remittitur following its Order denying the petition for a writ of certiorari on December 19, 2003, Petitioner's first PCR action became final."). By the time Petitioner delivered his federal habeas petition on April 2, 2014, another 147 days had elapsed. *See* ECF No. 1-1 at 1; *see Houston v. Lack,* 487 U.S. 266, 270–71 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court). A total of 356 days untolled days elapsed between the time Petitioner's conviction became final, and the time he filed his habeas Petition. Therefore, Petitioner timely filed his habeas Petition when it was delivered on April 2, 2014, several days before the statute of limitations would have run on April 11, 2014. Accordingly, Petitioner's habeas Petition is not untimely under 28 U.S.C. § 2244(d).

    B. Ineffective Assistance of Counsel

        1. GPS Monitor as Consequence of Plea

Initially, Respondent argues Petitioner's allegation—that he received ineffective assistance of plea counsel for counsel's failure to advise Petitioner that he would wear a GPS monitor for his lifetime as a consequence of guilty plea—is procedurally barred. ECF No. 24 at 10. Respondent maintains that Petitioner did not squarely present this claim to the state PCR court. *Id.* at 10-11.

The undersigned has reviewed Petitioner's PCR application and the transcript of the PCR hearing and observes that the GPS-as-consequence argument Petitioner raises was not raised in Petitioner's application, *see* App. 23-29, nor was it presented to the PCR court during the PCR hearing, s*ee* App. 34-52. The undersigned has also reviewed the PCR court's Order of Dismissal and finds that Petitioner's GPS argument was not ruled on by the PCR court. App. 53-59.

However, having to wear a GPS monitor is certainly a consequence of Petitioner's pleading guilty, and in his Petition, Petitioner argued that he received ineffective assistance of plea counsel for counsel's failure to advise Petitioner of the consequences of his plea. Though Petitioner did not list all consequences for which plea counsel failed to advise, the undersigned finds that the GPS monitor issue is not procedurally barred from review. Accordingly, the undersigned will address this issue on the merits.

### 2. Ineffective Assistance of Counsel-Merits

Petitioner contends that he was denied effective assistance of counsel because his plea counsel did not inform him of the full consequence of accepting the plea agreement. ECF No. 1 at 5; 10. Specifically, Petitioner maintains that plea counsel did not inform him that he would have to wear a GPS monitor for a lifetime, and he was not advised of "what the charges actually were and the penalties it covers." *Id.* Respondent moves for summary judgment and argues that the plea transcript demonstrates that Petitioner was advised of the consequences of entering his plea as well as the collateral consequences. ECF No. 24 at 11-16.   In response to this argument, Petitioner asks the court to grant his Petition pursuant to Rule 17(c) because attached exhibits (including school records, reasons for his receipt of social security disability checks, and an affidavit from an inmate) demonstrate his incompetence. ECF No. 39. Petitioner requests the court allow him to return to court in a new proceeding with another attorney who will "work with him." *Id.* at 1-2.

A guilty plea must represent "a voluntary and intelligent choice among the alternative courses of action open to the defendant," *North Carolina v. Alford*, 400 U.S. 25, 31 (1970), and may be invalid if it was induced by threats or misrepresentations. *See Brady v. United States*, 397

U.S. 742, 755 (1970). However, a defendant's statements at the guilty plea hearing are presumed to be true. *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977). Unsupported allegations on appeal or in a collateral proceeding are insufficient to overcome representations made during the guilty plea hearing. *See Via v. Superintendent, Powhatan Corr. Ctr.*, 643 F.2d 167, 171 (4th Cir. 1981) (holding that statements at plea hearing that facially demonstrate plea's validity are conclusive absent compelling reason why they should not be, such as ineffective assistance of counsel).

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. *McMann v. Richardson*, 397 U.S. 759, 771 (1970). In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court held that to establish ineffective assistance of counsel, a petitioner must show deficient performance and resulting prejudice. Counsel renders ineffective assistance when his performance "[falls] below an objective standard of reasonableness," but there is a "strong presumption" that counsel's performance was professionally reasonable. *Id.* at 688-89. Prejudice requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In the context of a guilty plea, ineffective assistance of counsel claims may be asserted in limited circumstances. In order to prevail on a claim of ineffective assistance of counsel pertaining to a guilty plea, a petitioner must show that his lawyer's performance was incompetent and "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

In rejecting Petitioner's application for post-conviction relief on this ground, the PCR court noted Petitioner's plea counsel advised him of his constitutional rights. App. 56. Furthermore, the PCR court found that the plea court thoroughly explained Petitioner's constitutional rights during the plea colloquy. *Id.* Here, the plea colloquy reveals that Petitioner was advised that he could receive a 15-year sentence for the two lewd act charges he faced. App. 3. Furthermore, in court, the plea judge specifically asked whether plea counsel advised Plaintiff that he would have to register as a sex offender upon his release, and plea counsel responded affirmatively. App. 3. Additionally, the plea court advised Petitioner that he would have to wear a GPS monitoring device for the rest of his life. App. 4; 7.  Petitioner testified that he realized he was pleading guilty to two charges that each carry 15-years in prison for a total of 30, and that "there's a recommendation by the solicitor that you get sentenced to the full charge on one which is 15, plus a year consecutive on another. . . ." *Id.* at 6. However, Petitioner testified that he wished to move forward with his plea in spite of these consequences. *Id.* at 6-7. The plea judge specifically advised Petitioner that he did not "have to plead guilty," had a right to a jury trial, a right to remain silent and not incriminate himself, and advised Petitioner he was presumed innocent. *Id.* at 8. Petitioner testified that he was satisfied with plea counsel's services, and he had adequate time with his plea counsel to prepare. *Id.* at 9.

Unlike this case, in *Boykin*, "the judge asked no questions of petitioner concerning his plea, and petitioner did not address the court." *Boykin v. Alabama*, 395 U.S. 238, 239 (1969). Here, based on the testimony in the transcripts, the undersigned finds that the record demonstrates that Petitioner's guilty plea was knowing and voluntary, he received effective assistance of counsel, and he is not entitled to habeas relief on this ground. *See id.* at 238, 243-44

(1969) (finding that courts may not presume from a silent record a waiver of constitutional rights associated with a guilty plea, but must engage in a thorough, on-the-record inquiry to establish that the defendant voluntarily and understandingly entered his guilty plea); *see also Wade v. Coiner*, 468 F.2d 1059, 1060 (4th Cir. 1972) (holding that "state judges may choose to engage in the colloquy mandated for their federal colleagues by Rule 11, but there is nothing in *Boykin* that requires them to do so" and denying habeas relief where the state judge ensured the defendant's attorney advised him of the nature of the charge and the consequences of his plea). Additionally, the PCR court found plea counsel's testimony to be credible and implicitly found Petitioner not to be credible. App. at 57. This credibility determination is also entitled to deference. *Wilson v. Ozmint,* 352 F.3d 847, 858-859 (4th Cir. 2003).

In his Response to the Motion for Summary Judgment, Petitioner urges the court to find that he was incompetent to make a plea based on his intelligence and maintains that he is "retarded." ECF No. 39 at 1. Petitioner first mentions his incompetence in his Response brief and did not raise this issue as a Ground in his habeas Petition. Nevertheless, the test for determining whether a criminal defendant is competent to stand trial is "whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as a factual understanding of the proceedings against him." *Dusky v. United States,* 362 U.S. 402, 402 (1960); *see also Godinez v. Moran,* 509 U.S. 389, 400-01 (1993) (holding same standard for competency to plead guilty).

Here, Petitioner has failed to show that his plea was involuntary. During his plea, the plea judge asked whether Petitioner had "any kind of mental or emotional condition that prevents [him] from understanding what we're doing here today" to which Petitioner responded "No."

15

App. 6. The plea court repeatedly asked whether Petitioner understood the charges against him and the consequences he faced as a result of pleading guilty to which Petitioner repeatedly responded "Yes, sir." App. 6-13. Furthermore, Petitioner's plea counsel advised the court that Petitioner "grew up in special needs classes, [and] ended up dropping out of school at an early age." App. 13.

After reviewing the plea transcript, the undersigned find that the plea judge asked Petitioner to respond to questions which required the Petitioner to formulate his own intelligent responses, and the record indicates Petitioner did so with full understanding of the implications of his responses. App. 3-15. Accordingly, the undersigned recommends that Respondent's Motion for Summary Judgment be granted.

V.     Conclusion and Recommendation

Wherefore, based upon the foregoing, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 25, be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.

December 17, 2014                                         Kaymani D. West
Florence, South Carolina                                  United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**